United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| Julio Cesar Ovalle,<br> Plaintiff,<br><br>v.<br><br>United States of America; Doe CBP Agents 1-10; Doe ICE Agents 1-10<br> Defendants. | No. 5:21-cv-00265-OLG |

**United States of America's Motion to Dismiss on behalf of Doe
CBP Agents 1-10 and Doe ICE Agents 1-10**

  The United States files this Motion to Dismiss on behalf of Defendants Doe CBP Agents and Doe ICE Agents (collectively, "Doe Defendants").[1] Plaintiff filed his claims against Doe Defendants well after the expiration of the statute of limitations and therefore the Court lacks jurisdiction over those claims. In addition, the Court lacks jurisdiction to the extent Plaintiff attempts to bring standalone constitutional claims against Doe Defendants. Finally, Plaintiff's Rehabilitation Act claim should additionally be dismissed for failure to state a claim.

**I. Background**

 **A. Plaintiff's Claims Against Doe Defendants**

  Plaintiff filed his Original Complaint on March 15, 2021, alleging numerous claims against Doe Defendants under *Bivens*, standalone claims alleging constitutional violations, and claims under Section 504 of the Rehabilitation Act. ECF No. 1 ¶¶ 19–54. Specifically, Plaintiff asserts Claim One as a *Bivens* claim for a Fifth Amendment violation. *Id.* ¶¶ 19–24. Plaintiff asserts Claim Two also as a *Bivens* claim for a Fifth Amendment violation. *Id.* ¶¶ 25–30. Plaintiff asserts Claim Three as a standalone claim for a Fifth Amendment violation and as a claim under Section 504 of the Rehabilitation Act. *Id.* ¶¶ 31–42. Plaintiff asserts Claim Four as a standalone

---

[1] The undersigned counsel are not authorized to and do not represent any individual ICE or CBP Agents. Rather, this Motion to Dismiss is filed to eliminate claims over which the Court lacks jurisdiction or for which Plaintiff fails to state a claim against unnamed federal employees. The United States is not aware of these unnamed individuals having been served and has not waived service.

claim for a Fifth Amendment violation. *Id.* ¶¶ 43–48. Finally, Plaintiff asserts Claim Five as a *Bivens* claim for a Fourth Amendment violation. *Id.* ¶¶ 49–54.

   B. **Relevant Facts**

Plaintiff alleges that all events underlying his claim took place between June 11 and 15, 2018. ECF No. 1 ¶¶ 9, 16. More specifically, Plaintiff alleges that the events in the United States took place on June 11 and June 12, 2018. ECF No. 1 ¶¶ 9–14. Events taking place in Mexico occurred on June 12–15, 2018. ECF No. 1 ¶¶ 15–16.

## II. Legal Standards

   A. **Motion to Dismiss Standard**

Federal courts are courts of limited jurisdiction and lack the power to adjudicate claims absent jurisdiction the Constitution or a statute confers. *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[T]here is a presumption against subject matter jurisdiction." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The plaintiff bears the burden of demonstrating jurisdiction in federal court. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (same); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Absent jurisdiction a statute or the Constitution confers, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also* Fed. R. Civ. P. 12(h)(3). Parties cannot waive the lack of jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "[W]hether the United States has waived sovereign immunity

pursuant to the FTCA goes to the court's subject-matter jurisdiction and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013) (citations omitted). Furthermore, a court need not accept allegations in the complaint as true; rather, a court may consider facts and exhibits outside of the pleadings and may resolve factual questions without converting the motion into one for summary judgment. *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973).

"To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009)). The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court stated in *Iqbal*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, a complaint that does no more than recite the legal elements of a purported claim, cannot survive a motion to dismiss, and non-conclusory allegations must plausibly allege a plaintiff's entitlement to relief. The U.S. Supreme Court has elaborated:

> [I]f as a matter of law "it is clear that no relief could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 79 (1984)).

## III. Argument

### A. The Relevant Two-Year Statute of Limitations Bars Plaintiff's *Bivens* Claims Against Doe Defendants as Individuals

Plaintiff's *Bivens* claims against Doe Defendants are barred under the applicable two-year statute of limitations. Since there is no federal statute of limitations for *Bivens* claims, federal courts use state law to fill in the limitations period. *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."); *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) ("a *Bivens* action is controlled by the applicable state statute of limitations."). "This circuit, applying Texas law, has held that the statute of limitations period on a *Bivens* claim is two years, the statute of limitations governing personal injuries in Texas." *Spotts*, 613 F.3d at 573; *see also* Tex. Civ. Prac. & Rem. Code § 16.003; *Banks v. FDIC*, 374 Fed. App'x 532, 535 (5th Cir. 2010).

"Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts*, 613 F.3d at 574. A "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); *see also Iracheta v. United States*, No. B:14-135, 2015 WL 13559948, at *12 (S.D. Tex. June 19, 2015) (statute of limitations began to run at time of removal to Mexico). Unlike Plaintiff's FTCA claims, there is no requirement in a *Bivens* claim to first present the claim in writing to a federal agency.[2] *See Shanklin v. Chamblin*, No. A-11-CA-699-LY, 2012 WL 2376271, 2012 U.S. Dist. LEXIS 86991, at *14–16 (W.D. Tex. June 22, 2012) (holding there were no administrative prerequisites to filing a *Bivens* claim); *but cf. Life Partners Inc. v. United States*, 650 F.3d 1026,

---

[2] Likewise, the FTCA limitations period is irrelevant to Plaintiff's *Bivens* claims. The FTCA statute of limitations requires presentment of a claim to federal agency within two years, and then allows 6 months to file an action in federal court after the agency denies the claim. 28 U.S.C. § 2401(b).

1030 (5th Cir. 2011) (setting forth the prerequisites for suit under the FTCA); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) (same). This requirement does not exist, because a *Bivens* action seeks to hold individual officers financially liable for their actions and does not seek redress against a federal agency.

Here, Plaintiff filed his Complaint on March 15, 2021. ECF No. 1. Plaintiff alleges that all events underlying his claim took place between June 11 and 12, 2018. *Id.* ¶¶ 9, 14. Thus, Plaintiff had until June 2020 to bring his *Bivens* claims against individual agents at ICE and CBP to hold them personally responsible for their actions. Plaintiff brought his claims over nine months after the limitations expired for these events. Thus, the Court should dismiss Plaintiff's Claims One through Five against Doe Defendants based on the statute of limitations.[3]

### B. The Relevant Two-Year Statute of Limitations Bars Plaintiff's Rehabilitation Act Claims

The same statute of limitations applicable to Plaintiff's *Bivens* claims also bars Plaintiff's Rehabilitation Act claim. Once again, there is no federal statute of limitations for a Rehabilitation Act claim, so the Court applies the state statute of limitations. The Fifth Circuit applies the same limitations period from Texas state law to the Rehabilitation Act claim as it does to the *Bivens* claims. *Robinson v. U.S. Air Force*, No. SA-19-cv-1107-DAE, 2019 U.S. Dist. LEXIS 216282, 2019 WL 6873679, at *2 (W.D. Tex. Dec. 17, 2019), *rep. & rec. adopted* ECF No. 11 (Jan. 16, 2020) (citing *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982 (5th Cir. 1992)). Thus, there is a two-year limitations period for bringing a Rehabilitation Act claim. *Id.*; *see also Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 684 (W.D. Tex. 2015).

Here, Plaintiff filed his Complaint on March 15, 2021. ECF No. 1. Plaintiff alleges that all events underlying his claim took place between June 11 and 12, 2018. *Id.* ¶¶ 9, 14. Thus, Plaintiff had until June 2020 to bring his Rehabilitation Act claim. Plaintiff brought his claim

---

[3] The Court should also dismiss Plaintiff's claims against Doe Defendants because the Fifth Circuit has held that a Doe Defendant cannot be added after the limitations period expires. *Balle v. Nueces Cnty.*, 952 F.3d 552, 557 (5th Cir. 2017); *Whitt v. Stevens Cnty.*, 529 F.3d 278, 282–83 (5th Cir. 2008); *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998).

over nine months after the limitations expired for these events. Thus, the Court should dismiss Plaintiff's Claim Three as it relates to the Rehabilitation Act based solely on the statute of limitations.

### C. The Court Should Dismiss Plaintiff's Standalone Constitutional and Federal Statutory Claims Based on Sovereign Immunity

To the extent Plaintiff attempts to assert standalone claims against Doe Defendants for constitutional and federal law violations, the Court should dismiss those claims. "Although there have been a few notable exceptions, the federal courts, and this Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution." *Alexander v. Trump*, 753 F. App'x 201, 206 (5th Cir. 2018) (rejecting a freestanding constitutional complaint against the FBI); s*ee also Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) (citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as one "notable exception" to the general rule). "The Court lacks subject matter jurisdiction to consider any claim against **a federal agency or employee** unless sovereign immunity has been waived." *Bazemore v. Dep't of Homeland Sec.*, No. EP-05-CA-0233-FM, 2005 WL 3022015, 2005 U.S. Dist. LEXIS 15141, at *5 (W.D. Tex. July 26, 2005) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)) (emphasis added).

Although Congress in the year 1871 provided a cause of action for the violation of constitutional rights by state officials, Congress has never created an analogous cause of action against federal officials for alleged constitutional violations. *See Zigler v. Abbasi*, 137 S.Ct. 1843, 1854 (2017). *Bivens* is the only avenue for such a claim. *Id.* Likewise, Plaintiff points to no authority other than *Bivens* that would allow a claim against Doe Defendants. Thus, the Court should dismiss Plaintiff's Claim Three and Claim Four against Doe Defendants (to the extent the Court has not already dismissed such claims based on the statute of limitations).

### D. Even if Plaintiff's Claims were Timely, the Rehabilitation Act Does Not Provide a Cause of Action Against Individual CBP or ICE Agents

Plaintiff's claim under the Rehabilitation Act, which is codified under Section 29 of the U.S. Code, attempts to apply that statute out of context and in a manner not authorized under the

statute. The Rehabilitation Act prevents disability discrimination against qualified, disabled individuals in the employment context. *See* 29 U.S.C. § 794; 29 CFR § 1630; *see also* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability"). Detention and immigration enforcement operations are not a "program or activity" under the Rehabilitation Act's definition. *See* 29 U.S.C. § 794(b).

In addition, the Fifth Circuit has held that the Rehabilitation Act and the Americans with Disabilities Act ("ADA") are judged under the same legal standards, and the same remedies are available under both Acts. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (citing *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) ("The language in the ADA generally tracks the language set forth in the RA," and "[j]urisprudence interpreting either section is applicable to both.")). The Fifth Circuit has held that the ADA is not applicable to agencies within the executive branch of the federal government. *See Marlin v. Alexandre*, 254 F. App'x 374, 375 (5th Cir. 2007) (per curiam) (citing *United States v. Bourgeois*, 423 F.3d 501, 509 (5th Cir. 2005); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003)); *see also Chamberlain v. Chandler*, 344 F. App'x 911, 913 (5th Cir. 2009). Following this logic, the Rehabilitation Act is also inapplicable to employees of CBP and ICE. Moreover, Plaintiff can point to no provision of the Rehabilitation Act that allows a private right of action against individuals such as Doe Defendants in this context. *See* 29 U.S.C. § 794a (setting forth remedies).

Thus, to the extent Plaintiff's Rehabilitation Act Claim is not dismissed based on the statute of limitations, the Court should dismiss the claim against Doe Defendants for failure to state a claim.

## IV. Conclusion

For the foregoing reasons, the Court should dismiss all the claims against Doe Defendants.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By: */s/ Matthew Mueller*
Matthew Mueller
Assistant United States Attorney
Texas Bar No. 24095592
Faith Johnson Lowry
Assistant United States Attorney
Texas Bar No. 24099560
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7362 (phone)
(210) 384-7312 (fax)
matthew.mueller@usdoj.gov
faith.johnson@usdoj.gov
Attorneys for the United States of America

**Certificate of Service**

    I certify that on May 24, 2021, I electronically filed this document with the Clerk of Court using the CM/ECF system. The CM/ECF system will send notification to all attorneys of record.

*/s/ Matthew Mueller*
Matthew Mueller
Assistant United States Attorney